**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy Lee Sullivan, | No. CV-17-01195-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

On April 21, 2017, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On May 8, 2018, Magistrate Judge Metcalf issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 19.) Afterward, Petitioner filed objections to the R&R (Doc. 20), Respondents filed a response (Doc. 21), and Petitioner filed a reply (Doc. 22).

As explained below, the Court will deny Petitioner's objections.

I. Background

In November 2013, Petitioner sold cocaine to an undercover officer from the Phoenix Police Department. (Doc. 13-1 at 8-12, 29-30; Doc. 19 at 1-2.) Afterward, the undercover officer used a law enforcement database to obtain a photo of Petitioner. (*Id.*) The photo was a mug shot from a prior encounter. (*Id.*) This photo was used to identify and arrest Petitioner, who was charged with a state-law drug trafficking offense. (*Id.*)

Before trial, Petitioner moved to suppress on the ground that the identification method (*i.e.,* use of a mug shot rather than a photo lineup) was unduly suggestive and

unreliable. (*Id.*) The trial court denied the motion. (*Id.*)

During trial, defense counsel cross-examined the undercover officer by questioning his decision to use a picture showing that Petitioner had previously "been stopped" by the police. (*Id.*) On redirect, the prosecutor stated the photo showed Petitioner had been previously "arrested." (*Id.*) Defense counsel objected, and later moved for a mistrial, on the grounds that the prosecutor had mischaracterized the evidence and that discussing prior arrests was unfairly prejudicial. (*Id.*) The trial court overruled these objections, finding that defense counsel had opened the door. (*Id.*) The prosecution didn't mention the nature of the photograph for the remainder of the trial and Petitioner was eventually convicted and sentenced to 12.5 years' imprisonment. (*Id.*)

Petitioner appealed his conviction to the Arizona Court of Appeals. The "Issue" section of his opening brief identified only one contested question: "Was the trial court's failure to grant Troy's motion for mistrial after the prosecutor misstated defense counsel's reference to his having been 'stopped by' police as his having been previously 'arrested' by police an abuse of discretion?" (Doc. 13-1 at 17.) In the body of his brief, Petitioner argued this evidentiary ruling was an abuse of discretion because (1) the evidence was inadmissible under Arizona Rule of Evidence 404(b), (2) the error was so harmful that a mistrial was required, (3) the prosecution's question amounted to prosecutorial misconduct, justifying a new trial, and (4) the cure of a correction of the prosecution's misstatement was not applied. (Doc. 19 at 3.)

Petitioner's brief contained only three fleeting references to federal law. (Doc. 19 at 3.) First, in his recitation of the facts, Petitioner noted that the motion to suppress had been founded on a "6th Amendment right to due process," which his Table of Authorities clarified was a reference to the Sixth Amendment to the United States Constitution. (Doc. 13-1 at 6, 8; Doc. 19 at 3.) Second, in the portion of his brief addressing his prosecutorial-misconduct claim, Petitioner cited an Arizona decision, *State v. Bible*, 858 P.2d 1152 (Ariz. 1993), but included a parenthetical in which the *Bible* court had quoted from the U.S. Supreme Court's decision in *Berger v. United States*, 295 U.S. 78 (1935). (Doc. 13-1 at

20-21; Doc. 19 at 3.) Third, and similarly, the prosecutorial-misconduct section of Petitioner's brief contained a reference to a different Arizona case, *State v. Montes*, 667 P.2d 191 (Ariz. 1983), and the parenthetical from *Montes* contained a reference to "*Miranda*." (Doc. 13-1 at 21; Doc. 19 at 3.)

In a decision issued in August 2016, the Arizona Court of Appeals affirmed Petitioner's conviction. (Doc. 13-1 at 28-32; Doc. 19 at 3.) The court held that "any error was invited by Defendant" because "Defense counsel, not the prosecutor, raised the issue of Defendant's prior arrest during his cross-examination of [the undercover officer]" and that although defense counsel didn't use the word "arrest" during this cross-examination, "Defense counsel's questions included the following information: the police had, on a prior occasion, stopped Defendant, taken his picture, and recorded his picture in a police database. For the average juror, this line of questioning clearly implied the photograph was most likely related to a prior arrest." (Doc. 13-1 at 31; Doc. 19 at 3.) The court also concluded that any error was harmless in light of the strength of the evidence of Petitioner's guilt. (Doc. 13-1 at 31-32; Doc. 19 at 3.)

In April 2017, the Arizona Supreme Court summarily denied Petitioner's petition for review. (Doc. 19 at 4.)

In April 2017, Petitioner filed the Petition. (Doc. 1.) It asserts only one ground for relief: "The trial court abuse[d] its discretion in violation of the U.S. Constitution's Sixth Amendment, by failing to grant dismissal or mistrial when the state mis[s]tated in front of the jury that Mr. Sullivan having been stopped by police was arrested, resulting in the jury being prejudiced against him." (Doc. 1 at 6.)

The R&R was issued in May 2018. (Doc. 19.) Although the R&R liberally construes Petitioner's claim as arising "under both the Sixth Amendment and the Due Process Clause of the 14th Amendment" (Doc. 19 at 15), it concludes the Petition should be denied for two reasons. First, the R&R concludes Petitioner didn't "fairly present" a federal claim to the Arizona Court of Appeals because (1) his arguments were premised on asserted violations of Arizona law and (2) although his citation to *Bible* contained a cross-

reference to *Berger*, this was insufficient for exhaustion purposes because "Petitioner did not directly rely upon the *Berger* case" and, in any event, "*Berger* was not explicitly a constitutional case, but rather a case involving the federal courts' oversight of a federal criminal prosecution." (Doc. 19 at 13-18.) Second, the R&R concludes the Petition should be denied for the independent reason that "even if Petitioner's federal claim was fairly presented to the state court, it was disposed of on an independent and adequate state ground, *e.g.,* the state's invited error doctrine." (Doc. 19 at 18-19.)

II. <u>Legal Standard</u>

A party may file specific, written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

III. <u>The Parties' Arguments</u>

In his objections to the R&R, Petitioner seems to make four arguments: (1) he timely moved to suppress during trial and preserved his objection during the state appellate proceedings (Doc. 20 at 2-3); (2) he timely moved for a mistrial during the trial (Doc. 20 at 3-4); (3) he properly raised a 14th Amendment claim in his habeas petition and didn't forfeit that claim by waiting to raise it until his reply (Doc. 20 at 4); and (4) he exhausted his federal constitutional claim during the state appellate proceedings, even though he didn't explicitly cite federal law, because "a citation to a state case analyzing a federal

constitutional issue serves the same purpose as a citation to a federal case analyzing the same issue" (Doc. 20 at 4-6).

In their response, Respondents argue (1) the citation to *Bible* in Petitioner's brief to the Arizona Court of Appeals wasn't sufficient to exhaust his federal constitutional claim (Doc. 21 at 3) and (2) Petitioner's objections failed to address "the R&R's additional conclusion that his claim is expressly procedurally defaulted based on the Arizona Court of Appeals' application of the invited error doctrine, an independent and adequate state law ground. As a result, as the R&R states and Sullivan does not contest, even if Sullivan had fairly presented his claim, it is still procedurally defaulted and habeas relief must still be denied" (Doc. 21 at 3).

In his reply, Petitioner (1) asks the Court to take "judicial notice" of the fact that Respondents frequently invoke the exhaustion doctrine in response to habeas petitions and speculates there may be a conspiracy between Respondents and the "state court appointed appellate attorneys" to fail to exhaust federal claims (Doc. 22 at 2), (2) reiterates his claim that the indirect citation to *Berger* was sufficient to exhaust his federal constitutional claim (Doc. 22 at 2-3), and (3) alternatively argues that, because the Arizona and federal due process clauses are coextensive, any state due process claim should be "automatically" construed as a federal due process claim (Doc. 22 at 3-4).

IV.  Analysis

The R&R identified two independent reasons why habeas relief is unavailable: (1) Petitioner failed to "fairly present" his federal due process claim during the state proceedings; and (2) even if the federal claim was presented, the state court rejected it on an independent and adequate state ground (*i.e.,* the invited-error doctrine). In his objections, Petitioner addressed only the first issue and didn't mention, let alone challenge, the second.

This omission means that Petitioner is not entitled to relief. The Supreme Court has explained that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when

- 5 -

neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Here, Petitioner has effectively conceded that the magistrate judge's analysis of the independent-and-adequate-ground issue was correct.

Furthermore, the Court has reviewed that analysis (despite the lack of objection) and concludes the analysis was correct. A federal court will not review a claim of federal constitutional error raised by a state habeas petitioner if the state court's determination of the same issue "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The Ninth Circuit has suggested that the invited error doctrine may constitute a procedural bar if the state court "clearly and expressly invoked" the doctrine. *Leavitt v. Arave*, 383 F.3d 809, 832-33 (9th Cir. 2004). That is exactly what the Arizona Court of Appeals did here. *See also Balas v. Ryan*, 2011 WL 3320699, *9 (D. Ariz. 2011) ("Arizona courts have consistently held that a defendant who invites error has waived a subsequent challenge to it on appeal . . . .").

Accordingly, **IT IS ORDERED** that:

(1) The R&R's recommended disposition (Doc. 19) is accepted;

(2) The Petition (Doc. 1) is denied and dismissed with prejudice;

(3) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 5th day of February, 2019.

_____
Dominic W. Lanza
United States District Judge